IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAMONT ANDRE' WILLIAMS                                                    PLAINTIFF

v.                                         Civil No. 4:17-cv-04093

OFFICER SHUMAKER, Miller County
Detention Center, (MCDC); CORPORAL
GRIFFIE, MCDC; NURSE CHELSEA,
MCDC; OFFICER NALLS, MCDC;
And Michael Cagle                                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Damont Andre' Williams filed this 42 U.S.C. § 1983 action *pro se* on October 23,

2017.  (ECF No. 1).   Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the

Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for

the purpose of making a Report and Recommendation.  Before the Court are Plaintiff's motions

for an Injunction (ECF No. 12) and Temporary Relief.  (ECF No. 13).  Defendants Shoumaker,

Griffie and Nall have filed a Response.[1]  (ECF No. 30).

## I. BACKGROUND

Plaintiff is currently being held in the Miller County Detention Center ("MCDC") awaiting

trial on pending criminal charges. Plaintiff's Complaint alleges while at the MCDC he was: 1)

subjected to excessive force by Defendants Shumaker, Henderson, and Griffie; 2) denied his first

amendment right to practice his religion by Defendant Griffie; and 3) denied medical care by

Defendants Nurse Chelsea and Officer Nalls.  (ECF No. 1).  On November 21, 2017, Plaintiff filed

a Supplement to his Complaint alleging Officer Kagel used excessive force against him.  (ECF

No. 17).

---

[1] Defendant Nall is incorrectly identified in the case caption as "Nalls".

On November 3, 2017, Plaintiff filed his first motion for injunctive relief asking the Court to "grant this injuction and/or temporary Reliefs" because since the filing of this lawsuit the staff at the MCDC has been giving him smaller portions of food and refusing him the allotted recreational time. (ECF No. 12). Plaintiff also claims "the disciplinary process here is a sham, They gave me 105 days in the hole for 1 disciplinary, gave me an additional 30 days for an fight". *Id.* He also states "one of the guards I am currently suing" let a mentally ill inmate out of his cell and that inmate "attacked me on the date of 10-13-2017. I do not feel safe here at this jail since filing suit and I have stressed this to the administration here but to no avail." (ECF No. 12, p.2). Plaintiff also alleges in the motion that Defendant Cagel - who was not a named defendant in this lawsuit at the time he filed his motion – pepper sprayed him "while he was on his knees with my hands interlocked behind my head…" and that "I haven't been getting my legal mail when it is delivered, I believe that the Miller County Jail is Delibrately holding my mail." *Id.*

On November 8, 2017, Plaintiff filed a second motion for "temporary relief" stating the MCDC staff "are hindering my efforts to successfully litigate my case by not allowing me to access the kiosk. The have disable my password which prevents me from writing requets, grievances, do legal research, file sick call to see Doctos etc…" (ECF No. 13).

Defendants Shoumaker, Griffie and Nall filed a Response arguing Plaintiff's motions should be denied because Plaintiff does not specifically state what relief he is seeking in either motion and Plaintiff has not provided any documentation to demonstrate he will suffer irreparable harm. (ECF No. 31). Defendants also attached several incident and disciplinary reports relating to the MCDC's experience with Plaintiff during his incarceration.

## II.  LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions.  In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors:  (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest.  *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997);  *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).  While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976).  The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995).  In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

## III.  DISCUSSION

### A.  Plaintiff's request for an injunction and temporary relief is not related to his § 1983 Complaint.

Preliminary relief is granted "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470,

471 (8th Cir. 1994).   Therefore, the party requesting preliminary relief must "establish a relationship between the injury claimed in the party's motions and the conduct asserted in the complaint." *Id.*

To support his motions for injunctive relief, Plaintiff states since he filed his Complaint he is being served smaller portions of food, being denied recreational time, has received an unreasonable disciplinary, and the MCDC is interfering with his legal mail and is disabling his ability to utilize the kiosk system. These allegations are based on new assertions of mistreatment that are different from the claims raised in his Complaint.   Consequently, because Plaintiff has not established any relationship between the injury he is claiming in his motions and the allegations in his Complaint his request for injunctive relief should be denied.   *See*, *e.g.*, *Devose*, 42 F.3d at 471 (denying a preliminary injunction where a prisoner's retaliation allegation was "entirely different from" the inadequate medical care claims and relief requested in his § 1983 complaint); *Owens v. Severin*, Case No. 08-1418, 2008 WL 4240153 (8th Cir. Sept. 18, 2008) (unpublished opinion (denying a prisoner's request for a preliminary injunction because the "the relief sought was unrelated to the allegations in his [§ 1983] complaint".

**B.  None of the *Dataphase* factors support injunctive relief in this case.**

Even if the basis of his motions were related to the conduct asserted in his Complaint, Plaintiff is not entitled to injunctive relief under *Dataphase*.  First, Plaintiff has not provided the Court with any documentation to support the allegations set forth in his motions for injunctive relief.  Therefore, it is impossible for the Court to determine, what, if any, likelihood Plaintiff has of prevailing on the merits of these claims.  Likewise, Plaintiff has not demonstrated he will suffer any irreparable harm if injunctive relief is denied.  Plaintiff is free to file a separate 1983 complaint regarding the claims set forth in his motions for injunctive relief.  Without a finding of irreparable

4

injury, a preliminary injunction should not be issued.  *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8ᵗʰ Cir. 1989) (en banc).

The Court must also balance the harm and injury to Defendants if an injunction is granted and assess whether the issuance of an injunction would be in the public interest. In assessing the public interest, it must be remembered that "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States."  *Meachum v. Fano*, 427 U.S. 215, 229 (1976).  Granting injunctive relief at this point based on Plaintiff's unsubstantiated and unverified allegations would amount to direct interference by the Court with the operation and administration of the MCDC which is harmful to Defendants and does not serve any public interest.  As noted above, the Court should grant injunctive relief only "with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration."  *Goff*, 60 F.3d at 520.

## IV.  CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Motion for Injunction (ECF No. 12) and Motion for Temporary Relief (ECF No. 13) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 23rd day of January 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

5