IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAMONT ANDRE' WILLIAMS                                                                    PLAINTIFF

v.                              Civil No. 4:17-cv-04093

OFFICER SHUMAKER, Miller County
Detention Center, ("MCDC"); CORPORAL
GRIFFIE, MCDC; NURSE CHELSEA,
MCDC; OFFICER NALLS, MCDC;
and MICHAEL CAGLE                                                                         DEFENDANTS

## ORDER

Before the Court is a Motion to Dismiss filed by Defendant Nurse Chelsey Foster.[1] (ECF No. 23). Plaintiff has not responded. The Court finds this matter ripe for consideration.

## I. BACKGROUND

Plaintiff filed his Complaint on October 23, 2017. (ECF No. 1). Plaintiff is currently being held in the Miller County Detention Center ("MCDC") awaiting trial on pending criminal charges. Plaintiff's Complaint alleges that while at the MCDC he was: (1) subjected to excessive force by Defendants Shumaker, Henderson, and Griffie; (2) denied his First Amendment right to practice his religion by Defendant Griffie; and (3) denied medical care by Defendants Foster and Nalls. On November 21, 2017, Plaintiff filed a Supplement to his Complaint alleging Officer Cagle used excessive force against him. (ECF No. 17). Plaintiff has sued Defendants in their individual and official capacities.

On December 1, 2017, Defendant Foster filed a Motion to Dismiss arguing that Plaintiff failed to allege any facts to support an official capacity claim against her employer, Southern

---

[1] Defendant Foster is referred to in Plaintiff's Complaint as "Nurse Chelsea". She is employed by Southern Health Partners, Inc.—the entity with whom Miller County has contracted to provide medical services to the inmates in the Miller County Detention Center.

Health Partners, Inc. On January 25, 2018, the Court issued an order directing Plaintiff to respond to Defendant Foster's Motion to Dismiss by February 15, 2018. (ECF No. 43). To date, Plaintiff has not filed a response.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

Plaintiff has sued Defendant Foster in both her individual and official capacities. A suit against an individual in his or her official capacity is actually a suit against the entity for which the official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendant Foster are treated as claims against her employer, Southern Health Partners, Inc. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

To establish liability on the part of Southern Health Partners, Inc., under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). Plaintiff has not alleged that any policy, practice, or custom of Southern Health Partners, Inc., contributed in any way to the alleged violation of Plaintiff's constitutional rights. Nor has Plaintiff responded to Defendant Foster's Motion to Dismiss the official capacity claims. Accordingly, Plaintiff's official capacity claim against Defendant Foster fail to state a claim upon which relief may be granted and should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant Foster's Motion to Dismiss (ECF No. 23) is hereby **GRANTED** and Plaintiff's official capacity claim against Defendant Nurse Chelsey Foster is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of March, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge